UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIDNEY AIKENS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6868** |
| **AON RISK SERVICES SOUTHWEST, INC., ET AL** | **SECTION "L" (3)** |

### ORDER & REASONS

### I.   BACKGROUND

This case arises from a vehicular accident.  Plaintiffs Sidney Aikens and Eddie McKenzie, Jr. allege that on June 29, 2009, they were driving a semi truck in Alabama when they were rear-ended by another truck driven by Defendant Michele Cochrane and owned by Defendant Swift Transportation Co.  Plaintiffs allege that Defendant Cochrane negligently caused the accident and that Defendant Swift is vicariously responsible for her negligence. Plaintiffs filed suit in this Court against Defendants, as well as Swift's insurer, which was subsequently dismissed.  Plaintiffs allege severe, permanent, disabling injuries as a result of the accident.  Defendants have answered and deny liability.  Plaintiffs are Mississippi citizens. Defendant Cochrane is a Louisiana citizen.  Defendant Swift is an Arizona corporation.

### II.   PRESENT MOTIONS

Defendants have filed a motion for partial summary judgment regarding the applicable law.  (Rec. Doc. 23).  Defendants argue for the applicability of Alabama law to Plaintiffs' claims; in particular, Defendants argue for Alabama's doctrine of contributory negligence. Under Alabama law, a "plaintiff cannot recover in a negligence action where the plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing

of negligence on the part of the defendant." *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So.2d 839, 860-61 (Ala. 2002).  Plaintiffs argue for the application of Louisiana law, which allocates liability between parties according to their degree of fault.  La. Civ. Code. art. 2323.

**II.     Law & Analysis**

**A.      Summary Judgment Standard**

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly

supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

**B.     Analysis**

The facts relevant to a choice-of-law analysis are not in dispute. This case revolves around an accident which occurred in Alabama between Mississippi Plaintiffs and a Louisiana Defendant employed by an Arizona corporation. No parties are Alabama domiciliaries. The applicable law is therefore a purely legal question appropriately resolved on summary judgment. *See Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995).

This case is before the Court under diversity jurisdiction. "A federal court considering a diversity case that implicates choice of laws must determine which state's law applies by following the choice of law rules of the forum state." *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir. 2001). Accordingly, the Court applies Louisiana's choice of law rules.

As a preliminary matter, the Court finds that there is indeed a true conflict of laws. Louisiana, Mississippi, and Arizona have enacted statutes dictating that an individual's own fault is not a complete bar to tort recovery, but rather reduces any recovery in proportion to the degree of his or her own fault. La. Civ. Code art. 2323 ("comparative fault"); Miss. Code. Ann. § 11-7-15 ("comparative negligence"); Ariz. Rev. Stat. Ann. § 12-205 ("comparative negligence"). As noted above, Alabama has not. *Hannah*, 840 So.2d at 860-61. These laws conflict and the Court must proceed to a choice-of-law analysis. *See Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 611 (5th Cir. 2006).

When laws conflict on a particular issue, Louisiana applies the law of the state "whose policies would be most seriously impaired if its law were not applied" to that issue. La. Civ.

Code. art. 3515.  In a tort case, a court analyzes which state's policies would be most seriously impaired in light of several factors, including: (1) the relationship of each state to the parties and the dispute; (2) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; (3) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state; and (4) the policies of deterring wrongful conduct and of repairing the consequences of injurious acts. La. Civ. Code arts. 3515, 3542.

Louisiana's choice-of-law framework also distinguishes between issues "pertaining to standards of conduct and safety" and "issues pertaining to loss distribution and financial protection." *See* La. Civ. Code. arts. 3543, 3544.  "[S]o-called 'rules of the road' establish or pertain to 'standards of conduct and safety', whereas rules that impose a ceiling on the amount of compensatory damages or provide immunity from suit are 'rules of loss-distribution and financial protection.'" La. Civ. Code. art. 3543, Revision Comment (a).  Conduct and safety standards are "territorially oriented" while loss-distribution rules are less so, and "a state's loss-distribution policy may or may not extend to non-domiciliaries acting within its territory." *Id.*

In light of this framework, the Court will first identify the applicable state policies that might be impaired by the application of one state's law over another.  The issue of comparative fault versus contributory negligence addresses how loss should be distributed between the parties after a tort has occurred, not the substantive rules governing their conduct before a tort has

occurred. Louisiana, Mississippi, and Arizona have announced through statutory enactment their policies that plaintiffs should not be barred from recovery for their own partial negligence and that defendants should be relieved of liability to the degree that plaintiffs also proximately cause their own injuries. Alabama has an interest in ensuring that plaintiffs do not benefit from their own negligence. However, as Louisiana's choice-of-law framework recognizes, these respective state policies are not territorially-oriented, but rather are strongly linked to the domiciles of parties to whom the laws might apply. Each state has a strong policy in applying its loss-allocation rules to its own domiciliaries, but little interest in applying its own rules to non-domiciliaries. *See, e.g.*, *Lindsay v. Toyota Motor Sales, U.S.A., Inc.*, No. 04-10137, 2005 WL 2030311, at *4 (S.D.N.Y. Aug. 22, 2005) ("Where none of the parties is a domiciliary of the locus state, its interest in applying its loss-allocation law is virtually nonexistent.").

    Here, Alabama is only the fortuitous site of the accident. No party is an Alabama domiciliary or corporation. Although Alabama has a strong interest in ensuring that non-domiciliaries comply with its local "rules of the road," it has little interest in extra-territorial application of its loss-allocation rules in a lawsuit between non-domiciliaries filed in another state. Thus, Alabama has no strong policy that will be impaired if its law of contributory negligence is not applied to this case. Conversely, the policies of Louisiana, Mississippi, and Arizona of applying comparative fault regimes tort claims brought by or against their domiciliaries would be impaired if Alabama's contributory negligence standard applied. Because Alabama essentially "has no dog in the fight" with respect to the question of comparative fault, and because all other states with a policy interest apply the same rules of comparative fault, the Court concludes that Alabama's rule of contributory negligence should

not apply.

Moreover, even if Alabama had a policy that would be impaired by applying another state's law, the other pertinent factors weigh against applying Alabama law.  Each party is a domiciliary of a state which applies comparative fault.  While no party can have an iron-clad expectation that she can take his or her state's loss-allocation rules with her wherever she may travel, under these circumstances it is unlikely that any party could reasonably expect that some law other than that common to all the states of domicile of all the parties would apply to allocating loss in this lawsuit.  Additionally, the legal issue as to which there is an actual conflict does not relate to deterring misconduct but rather to repairing its consequences.  Each state with a domiciliary in this suit has announced a policy of repairing tortious consequences equitably through comparative fault; applying the law common to those states best advances that policy and harmonizes with the needs of this interstate system.

Thus, the Court concludes that Alabama law will not apply to the question of loss allocation.  Because there is no actual conflict between the laws of Louisiana, Mississippi, and Arizona on this issue, because this Court regularly applies Louisiana law, and because Defendant Cochrane is a Louisiana domiciliary, the Court will apply Louisiana comparative fault law.

**III.   Conclusion**

For the foregoing reasons, Defendants' motion is DENIED.  The Court will apply Louisiana law to the issue of comparative fault.

New Orleans, Louisiana this 5th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE